OPINION OF THE COURT
Eli Wager, J.
Defendant Volvo of America Corporation (Volvo) seeks an order dismissing this action pursuant to CPLR 3211 (a) (5) on the grounds of arbitration and award. The case is novel in that it involves the interpretation of the recently enacted Lemon Law (L 1983, ch 444) which relates to the protection of consumers in the purchase of defective automobiles.
The facts of this case are essentially undisputed. Plaintiffs purchased a new 1984 automobile in August of 1984 from the defendant Volvoville, USA, Inc., a factory authorized dealer of defendant Volvo. On September 13, 1984, the plaintiffs brought the vehicle to defendant Volvoville for repairs to the braking system. The car was returned to the consumer as repaired but had to be returned to the repair shop on September 15, 1984 for the same problem. The vehicle was returned to Volvoville repeatedly, on September 21, 1984, October 6, *98 1984 and October 18, 1984 as a result of the reoccurrence of the same braking problem. In mid-October 1984 plaintiffs exercised their rights under General Business Law § 198-a (the New York Lemon Law), and demanded a refund of the purchase price of the car or a new car as a result of the continuing problems with the automobile and the dealer’s inability, after more than four attempts, to repair it.
Although no informal dispute settlement procedure, as contemplated by General Business Law § 198-a (g), existed for Volvo at the time the problems with this vehicle occurred, subsequently in November of 1984 they agreed to establish an informal dispute settlement procedure consisting of nonbinding arbitration through the Long Island Better Business Bureau.
Plaintiffs and defendant Volvo only participated in the nonbinding arbitration, which resulted in a determination by the arbitrator directing that, upon the consumer’s acceptance of the decision, the manufacturer of the vehicle (Volvo) would pick up the vehicle and have one final opportunity to repair the braking problem. Should the final repair attempt be unsuccessful, Volvo was directed to refund to the consumer the full purchase price of the automobile.
The Better Business Bureau advised the plaintiffs of the arbitrator’s decision, its nonbinding nature, and requested an acceptance or rejection of the decision and award. By letter dated April 16, 1985, plaintiffs rejected the arbitrator’s decision.
Defendant Volvo now moves for a dismissal of the action pursuant to CPLR 3211 (a) (5) alleging arbitration and award.
Defendant Volvo bases the instant motion to dismiss on two theories. First, that they were never notified by their dealership about the problems being experienced with respect to this automobile and second, that as a result of their participation in the nonbinding arbitration, and the rendering of an award, they fall into the category of litigants entitled to a dismissal on the basis of arbitration and award. These theories will be addressed separately.
General Business Law § 198-a became effective on September 1, 1983, and extended remedies available to purchasers of new cars with defects beyond those provided by the Uniform Commercial Code and the Magnuson-Moss Warranty Act (15 USC § 2312). For the purposes of this motion the parties do not dispute that the Lemon Law applies to this action and that the vehicle involved was repaired more than four times.
*99 General Business Law § 198-a (b) provides that, with respect to a defect in a purchased automobile, "the consumer shall during [the warranty] period report the nonconformity, defect or condition to the manufacturer, its agent or its authorized dealer. If the notification is received by the manufacturer’s agent or authorized dealer, the agent or dealer shall within seven days forward written notice thereof to the manufacturer”. The statutory intent of this section is clear. The manufacturer must be made aware of the existence of the defective vehicle, whether the notification is direct or indirectly routed through the dealer or agent of the manufacturer.
Given the relationship of the factory authorized new car dealer and the manufacturer and the requirements of General Business Law § 198-a (b), the failure of the dealer to properly notify the manufacturer cannot serve to free the manufacturer from its responsibility to the consumer plaintiffs in this action. The Lemon Law statute, by its express language (General Business Law § 198-a [b]), precludes this result. The responsibility for knowing about defects in its products is placed squarely upon the manufacturer. When notice of the defective material is given to the dealer or its agent, the requirement that the consumer provide notice is satisfied, as the dealer or agent "shall within seven days forward written notice thereof to the manufacturer by certified mail, return receipt requested” (General Business Law § 198-a [b]; emphasis supplied).
In this case there is no doubt that Volvoville, Volvo’s dealer, had the requisite notice of the defect in plaintiffs’ automobile. (It is noteworthy that Volvoville’s invoice on its third attempt to repair the car [Sept. 24, 1984] bears the notation "* 3rd TIME!!!”.)
Volvo’s claim that it was never notified by Volvoville as to the defect in this automobile, while conceivably relevant to a claim between the two defendants arising out of their dealer-manufacturer relationship, will, therefore, not exempt it from the mandates of the Lemon Law as it relates to the consumer plaintiffs.
Volvo of America’s demand for a dismissal on the basis of arbitration and award (CPLR 3211 [a] [5]) fails in the face of the express language of the Lemon Law. General Business Law § 198-a (h) specifically provides that "[i]n no event shall a consumer who has resorted to an informal dispute settlement *100 procedure be precluded from seeking the rights or remedies available by law.” While it is clear that use of the informal dispute settlement procedure is a condition precedent to entitlement to the benefits provided by General Business Law § 198-a (c) (see, General Business Law § 198-a [g]), it is equally clear that the settlement procedure award may be rejected by the consumer. The dispute resolution procedure is expressly termed "informal” by the statute itself (General Business Law § 198-a [g]) and the procedure and decisions reached are not to be "legally binding on any person” (CFR 703.5 [j], as implemented by General Business Law § 198-a [g]; see also, Attorney-General’s memorandum to Governor, June 23, 1983, at 3 Bill Jacket, L 1983, ch 444).
Accordingly, the informal dispute resolution procedure resorted to in this case and the resultant award, in the face of plaintiffs’ rejection of the decision, do not form the basis for a dismissal of this case pursuant to CPLR 3211 (a) (5).
Accordingly, defendant Volvo of America’s motion to dismiss is denied.